## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JADIN MICHAEL BLIESATH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-5102** |
| | : | |
| **FRANKLIN LABS, LLC,** *et al.*, | : | |
| **Defendant.** | : | |
| **JADIN MICHAEL BLIESATH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-5104** |
| | : | |
| **PRIME WELLNESS OF** | : | |
| **PENNSYLVANIA, LLC,** *et al.*, | : | |
| **Defendant.** | : | |
| **JADIN MICHAEL BLIESATH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-5108** |
| | : | |
| **PRIME WELLNESS OF** | : | |
| **PENNSYLVANIA, LLC,** *et al.*, | : | |
| **Defendant.** | : | |
| **JADIN MICHAEL BLIESATH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-5109** |
| | : | |
| **PRIME WELLNESS OF** | : | |
| **PENNSYLVANIA, LLC,** *et al.*, | : | |
| **Defendant.** | : | |

## <u>MEMORANDUM</u>

**GALLAGHER, J.**                                                    **DECEMBER 15, 2020**

Plaintiff Jadin Michael Bliesath, who resides in Reading, Pennsylvania, recently filed four separate, but seemingly related, Complaints on the same date, October 9, 2020.  Each of these Complaint asserts claims against the same fifty-four defendants.  Bliesath seeks leave to proceed *in forma pauperis* in each civil action.  For the following reasons, the Court will grant him leave to proceed *in forma pauperis* and dismiss his Complaints as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I.    FACTUAL ALLEGATIONS

Bliesath has used different standard forms to be used by a self-represented litigant filing a civil action in each of his four cases.  In each of his cases, Bliesath fails to specifically set forth his claims, but asserts that the events giving rise to his claims have occurred "everyday" in Pennsylvania.

### Civil Action No. 20-5102

In this form Complaint, Bliesath asserts that the basis for federal court jurisdiction is a federal question, but when asked to identify the federal statutes, treaties or provisions of the United States Constitution at issue, Bliesath responds that he is "no lawyer.  Several [of] you would have better knowledge.  I think thy wrong.  Also we could die!"  (Civ. A. No. 20-CV-5102, Complaint, ECF No. 2 at 3.)[1]  Bliesath avers that his claims are based on "selling drugs, human experimentation."  (*Id.* at 4.)  The relief he seeks from the Court is to "stop, and take care of [him] and [his] family.  For the unspeakable, horror . . . caused for [his] generations to come."  (*Id.*)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

**Civil Action No. 20-5104**

In the second form Complaint filed, a Complaint for Violation of Civil Rights, Bliesath

checks off the boxes indicating that he is pursuing both a *Bivens* claim and a § 1983 claim.  (Civ.

A. No. 20-CV-5104, Complaint, ECF No. 2 at 3.)  With respect to the federal constitutional or

statutory rights he claims are being violated, Bliesath asserts as follows:

> O good, so. many. your [sic] smart. You tell me. Right now the
> court case against me, saying I can't tell someone no spook me,
> and mine.  I can't cope with it.
>
> .      .      .
>
> You tell me.  These lawyers keep refusing me help.  My time is
> short.  It's seriously dangerous.  I pick up empty drug bags on way
> to store.  Corner stores sell package materials.

(*Id.* at 3-4.)  With respect to the facts underlying his claims, Bliesath avers that unidentified

individuals or entities have tried "to kill [him] and outwit [him] with deadly objects" and the

"police, as helpful as they may be, cannot handle certain things, and the 'doctors' they've let run

amuck, murderous."  (*Id.* at 4.)  Bliesath asserts that he has suffered "severe mental, physical, as

well as financial.  They've done stuff to [him] for being deaf.  [He] hear[s] multiple sounds

resembling voices from the products they've allowed."  (*Id.* at 5.)

**Civil Action No. 20-5108**

In this form Complaint entitled "Complaint for a Civil Case Alleging Negligence,"

Bliesath does not assert any acts or failures to act, nor does he set forth any factual averments

demonstrating that anyone was negligent.  (Civ. A. No. 20-CV-5108, Complaint, ECF No. 2 at

4.)  Yet, Bliesath avers that he suffered "serious mental and physical as well as monetary harm"

and has had to pick up "[their] trash for thirty plus years."  (*Id.*)  Bliesath asserts that "they've

[made him] confused and murderous, and worried for [himself] and [his] future family" referring

to "them" as "cannibals" and noting that "what they do will carry generations worth of damage." (*Id.*)

### Civil Action No. 20-5109

In this form Complaint entitled "Complaint and Request for Injunction," Bliesath asserts that the basis for federal court jurisdiction is a federal question, but when asked to identify the federal statutes, treaties or provisions of the United States Constitution at issue, Bliesath responds there are "too many." (Civ. A. No. 20-CV-5109, Complaint, ECF No. 2 at 3.) Bliesath avers that "they [are] selling marijuana" and there are "a whole bunch of drugs on streets." (*Id.* at 5.) Bliesath asserts that "[he] need[s] to take care of this and head to the montains [sic]." (*Id.*) He requests that the Court take "legal action" and wants to "stop selling" because he "can smell it from [his] home." (*Id.*)

## II.     STANDARD OF REVIEW

Because it appears that Bliesath is incapable of paying the fees necessary to commence these civil actions, the Court will grant him leave to proceed *in forma pauperis* in each of these cases. Accordingly, Bliesath's Complaints are subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss a complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Factual allegations that are "fanciful," "fantastic," and "delusional" are considered "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not

suffice." *Id.* As Bliesath is proceeding *pro se*, the Court construes his allegations liberally.

*Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

The Court has carefully reviewed all four of Bliesath's Complaints and concludes that there is no discernable basis for any legal claims within the Court's jurisdiction.  Some of the allegations in the Complaints are fanciful and delusional indicating, *inter alia*, that the Defendants are involved in "human experimentation" and have tried "to kill" and "outwit" him with "deadly objects."  *See* Civ. A. No. 20-CV-5102, Complaint, ECF No. 2 at 3 and Civ. A. No. 20-CV-5104, Complaint, ECF No. 2 at 4.  Generally, the Complaints at issue appear to set forth Bliesath's personal concerns and frustrations with numerous companies licensed to grow and distribute medical marijuana in the Commonwealth of Pennsylvania pursuant to the Pennsylvania Medical Marijuana Act, 35 P.S. § 10231.101.  Bliesath's claims rise to the level of the irrational, and there is no legal theory on which he can rely in any of his Complaints.  Bliesath's concerns and frustrations about the medical marijuana industry do not equate to a federal claim. Accordingly, all of Bliesath's Complaints will be dismissed as frivolous.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Bliesath leave to proceed *in forma pauperis* and dismiss his Complaints in each of his cases.  As it appears amendment would be futile, especially in light of Bliesath's four failed attempts to set forth a plausible claim, the Court will dismiss this case with prejudice.  Bliesath should note that the repeated filing of duplicative lawsuits raising claims that the Court has already addressed and dismissed may result in restrictions on filing privileges in the future.  *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only

conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").  An appropriate Order follows, which shall be docketed separately.

**BY THE COURT:**


*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**